The judgment of the court was pronounced by
Rost, J.
The plaintiffs seek lo recover of the succession of Reddin Brown-t the balance due on a twelve months’ bond which he signed as surety. The *232 property for which the bond was given had been mortgaged to the Clinton and Port Hudson Rail Road Company by <S. D. Worthington and his wife, to secure seventy three shares of the stock of the Company, and any loans which might be made thereon to Worthington. He subsequently obtained a loan, which he failed to pay at maturity. The commissioners took out an order of seizure and sale, and the' property mortgaged Was sold under it, at 12 months’ credit, to John Morgan, who gave the bond sued upon with Reddin Brown as security. Partial payments were made on said bond, and.!the unpaid portion is admitted to have been duly transferred by the commissioners to the plaintiffs.
The defence is, that before the judicial sale, the stock mortgage rested upon the property, and had been transferred by the company to the State; that this mortgage had the preference over the one under which the sale was made ; and that as the amount of the adjudication was less than the amount of the first mortgage, there was no sale, and the bond is void.
This defence prevailed in the district court, and the plaintiffs appealed.
The question presented by the issue was passed upon by this court in the case of Meeker v. The Commissioners of the Clinton and Port Hudson RailRoad Company. 2d Ann. 971.
The ground of the decision in that case, was, that the mortgage for a loan to be made, was an obligation on a condition potestative on the part of the mortgagor, which could produce no effect until the condition was accomplished. Such is the rule laid down in art. 2029 C. C.; and we do not think that mortgages are excluded from its operation. Had the mortgage in that case been contracted on a casual or a mixed condition, we would of course have given it effect from its date those : conditions not preventing the obligation from being absolute on the party bound.
It is urged, in behalf of the plaintiffs, that the evidence upon which the court acted in the case of Meeker, is not found in this record; that the only evidence offered by the defendant to prove the anterior mortgage of the State, is an act purporting to be a subrogation in favor of the State, made by James H. Muse, as agent of the company; and that this act is insufficient to establish that fact, because there is no evidence in the record, of the authority of Muse, or of the assent of the stockholders to the act of 1839, under which the subrogation was made; and because, further, the act of subrogation is not shown to have been recorded in the parish in which the land is situated.
The defendant has shown that the stock mortgage is outstanding and unsatisfied. This would, strictly speaking, be sufficient for his defence. But the claim of the plaintiffs originated in the loan to Worthington of his share of the $500,000, obtained by the company under the act of 1839. Worthington would be estopped from alleging that the stockholders did not on their part comply with the provisions of that act; and it appears to us that the plaintiffs do not stand in a more favorable situation.
The assent of the stockholders to the act of 1839; their compliance with its provisions, and the consequences that have resulted to the State, are matters of history of which we cannot be ignorant.
The omission to record the act of subrogation in the parish where the property is situated, if necessary in any case, cannot affect the rights of the State in this controversy. The plaintiffs received the bond upon which they sue from the commissioners appointed by the State to liquidate the affairs of the company, after its insolvency and the forfeiture of its charter. The condition of the creditors was fixed before that time; and the holder of the stock mortgage, whoever he be, must take precedence of that under which the plaintiffs claim
*233 We are of opinion, that as the bid offered at the judicial sale was less than the amount of the stock mortgage, there was no sale, and the defendant is not bound by his signature to the bond.
The judgment is therefore affirmed, with costs.